```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

HICA EDUCATIONS LOAN          *
CORPORATION                   *
                              *
          v.                  *  Civil Action WMN-12-216
                              *
HOSSIN ASSADI                 *
                              *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

### MEMORANDUM

Plaintiff filed the pending case on January 23, 2012, alleging that Defendant Dr. Hossin Assadi has defaulted on four promissory notes that he signed pursuant to the provisions of the United States Health Education Assistance Loan (HEAL) Program, 42 U.S.C. §§ 292/294 and 42 CFR Part 60.  Plaintiff is the current holder of the notes.  Dr. Assadi was served with the complaint on January 31, 2012, and an answer was due on February 21, 2012.  Dr. Assadi did not file an answer or otherwise appear in the case, so, upon motion by Plaintiff, the Clerk of the Court entered a default on March 7, 2012.  See ECF Nos. 5 and 6.  Subsequently, on April 3, 2012, Plaintiff filed the pending Motion for Default Judgment, arguing that it is entitled to a default judgment because "Defendant has not appeared, answered, or otherwise pleaded in this case."  ECF No. 7 at ¶ 3.

Subsequently, on April 9, 2012, the Court received correspondence from Dr. Assadi, ECF No. 8, indicating that he had tried to contact Plaintiff's counsel to resolve the case

outside of court.  As a result, this Court reserved its ruling on the pending Motion and ordered that Dr. Assadi "show good cause why the default against him should be set aside."  ECF No. 9.  In response, Dr. Assadi sent another letter, which this Court received on May 15, 2012, explaining the hardships that had fallen upon Dr. Assadi and his family.  See ECF No. 10.  The Court will treat this letter as it would a Motion to Set Aside Default pursuant to Rule 55(c).  Dr. Assadi explains that his wife, with whom he partnered in a private medical practice, had become severely ill and was unable to continue working.  As a result, Dr. Assadi had to take care of his wife and his four children, in addition to taking over administration of the medical practice.  The billing company that his medical practice had hired did not manage the practice's accounts well and when its contract ended, the practice was without income for several months.  Dr. Assadi acknowledges that at that point in time he could no longer afford to pay his business and personal expenses, including his student loans.

   Dr. Assadi also notes that he was in contact with Plaintiff's counsel to discuss "what the plan would be," but never received a follow-up call.  He offered to pay $100.00 per month towards his loans.  He also was contacted by a representative from Sallie Mae who advised that it was better that he go into default, as his loans were guaranteed by the

U.S. Department of Health and Human Services (HHS), which would pay back the money to Sallie Mae and arrange for Dr. Assadi to repay the loans directly to HHS.  Dr. Assadi emphasizes that his family is trying to recover and he is making every effort to correct his financial situation, and requests that the Court consider these circumstances when making its decision.

Rule 55(c) gives the Court discretion to set aside an entry of default for "good cause."  Courts must consider several factors to determine whether Rule 55(c) good cause exists, including, whether the defendant has a meritorious defense. Mezu v. Morgan St. Univ., Civ. No. 09-WMN-2855, 2010 WL 1068063, *6 (D. Md. Mar. 18, 2010) (citing Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967)); United States v. Moradi, 673 F.2d 725, 727-28 (4th Cir. 1982).  This is a critical factor because without a meritorious defense, a party cannot win at trial, so there would be no point in setting aside a default if the party is not able to demonstrate the possibility of his winning.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

To establish the existence of a meritorious defense, a party must present or proffer evidence "which, if believed, would permit either the Court or the jury to find for the defaulting party."  Moradi, 673 F.2d at 727.  While Dr. Assadi has related the unfortunate set of circumstances that have led

3

to his inability to make payments on his student loans, he has not raised any actual defenses.  He has conceded that he stopped paying the loans and has not alleged any neglect or wrongdoing on the part of Plaintiff or any other entities involved in the administration of his student loans.  The Court is sympathetic to the difficulties with which Dr. Assadi has had to contend, but because he has not alleged any meritorious defenses, there is no good cause to set aside the default.  See United States v. Flynn, No. 5:10-CV-2, 2011 WL 2173705 at *2 (W.D.N.C. June 2, 2011) ("By admitting that he intended to pay the student loans back and by failing to deny any of the allegations in the Complaint, Defendant has "failed to ... otherwise defend" this action under Rule 55(a)," so an entry of Default is therefore appropriate.)

   Moreover, the Court will grant Plaintiff's Motion for Default Judgment.  The question of whether to grant a default judgment under Federal Rule of Civil Procedure 55(b) is "a matter resting in the sound discretion of the District Judge." Papagiankis v. The Samos, 186 F.2d 257, 263 (4th Cir. 1950).  In making its decision, the Court may consider a number of factors, including whether there are any material issues of fact and whether the grounds for default have been clearly established. See EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 506

4

(E.D. Va. 2009) (citing Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2685).

In its Complaint, Plaintiff alleges that Dr. Assadi defaulted on his loans and attached copies of the signed promissory notes and documents evidencing its ownership of the promissory notes.[1]  See ECF No. 1-2.  Dr. Assadi does not dispute these allegations or the authenticity of the documentation. Though the Court acknowledges that default judgments are generally disfavored, see United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993), because there are no material issues of fact and, as discussed above, the grounds for default have been clearly established, entry of a default judgment is appropriate.

Furthermore, Dr. Assadi does not dispute the amount of damages alleged by Plaintiff.  These damages equal the amount of unpaid principle and accrued interest on each loan, as reflected by Plaintiff's records.  The Court will award these undisputed damages, as calculated in the Motion for Default Judgment.  See ECF No. 7.  A separate order will issue.

---

[1] "To establish a prima facie case of a student loan default, the [plaintiff] must prove three elements: (1) the defendant signed a promissory note for a student loan; (2) the [plaintiff] owns the promissory note signed by the defendant, and (3) the defendant has defaulted on the note." United States v. White, No. 5:08-CV-348-F, 2009 WL 3872342 (E.D.N.C. Nov. 18, 2009) (citing United States v. Davis, 28 Fed. App'x. 502, 503 (6th Cir. 2002); United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)).

```
                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
```

DATE: August 1, 2012